# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 15-cr-336-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**7.    RICHARD AVILA,**

    Defendants.

## ORDER GRANTING IN PART DEFENDANT RICHARD AVILA'S MOTION FOR DISCLOSURE OF UNDERCOVER AGENT AND ALL CONFIDENTIAL INFORMANTS

Now before the Court is Defendant Richard Avila's ("Defendant") Motion For Disclosure of Undercover Agent and all Confidential Informants. (ECF No. 247.) Defendant moved for disclosure of the identities of both the confidential informant and the undercover agent involved in the investigation of this case, along with certain other information and documentation related to them. (*Id.*)

With respect to the confidential informant, Defendant moved for disclosure of his or her identity, along with reports, notes, records, or other materials regarding his or her role in this case. (*Id.* ¶ 10.) The Government responds that given the timing of the investigation and Defendant's alleged role in the charged conspiracy, "no confidential informants were used in the investigation which resulted in the charges against the defendant." (ECF No. 256 at 6, ¶ 10.) Defendant replies that he therefore "has no objection to the government's position that it will not disclose the identity of any other

informant [other than the undercover agent]."  (ECF No. 276 ¶ 4.)  Accordingly, this portion of Defendant's Motion is DENIED AS MOOT.

With respect to the undercover agent, Defendant moved for disclosure of "[t]he name, contact information, date of birth, criminal history, law enforcement agency, of the undercover DEA agent, and any other reports created by the UC related his work and participation in this case."  (ECF No. 247 at 5.)  The Government responded that it "has no objection to disclosure of the undercover agent's identity, subject to a protective order," in a form proposed by the Government.  (ECF No. 256 at 2–3; ECF No. 256-1.)  The Court directed Defendant to state his position on this proposal and Defendant has indicated he "has no objection to the government's assertion that it will provide the identity of the DEA undercover agent, and has no objection to the government's proposed protective order language."  (ECF No. 276 at 2, ¶ 3.)

Accordingly, Defendant's Motion is GRANTED IN PART to the extent that the Government is required to disclose the identity of the undercover agent, subject to the terms of the agreed protective order, which the Court will docket separately.

Beyond that, the Government objects to the remainder of the information requested in Defendant's motion, including the undercover agent's date of birth, salary information, or "intelligence briefing information," and represents that Defendant is already in possession of redacted reports from the undercover agent and related communications and disclosure.  (ECF No. 256 at 4, ¶ 5.)  In his Reply, Defendant objects to the non-disclosure of "the other additional requested discovery," but only specifically requests further information related to any "extra compensation" paid to the undercover agent.  (ECF No. 276 at 2–3, ¶ 5.)  However, Defendant has not developed

2

an argument or cited any authority showing that he is entitled to the additional information requested; in particular, Defendant cites no authority supporting his request for disclosure of the undercover agent's compensation. (*Id.*)

To the extent Defendant's request is made pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), as Defendant notes, the Government's duty to produce exculpatory material under *Brady* does not depend on a request by the Defendant. (ECF No. 247 at 2 (citing *United States v. Agurs*, 427 U.S. 97, 106–07 (1976), *rev'd on other grounds by United States v. Bagley*, 473 U.S. 667, 682 (1985)).) Moreover, given the lack of a developed argument or authority supporting his request, Defendant has not shown that any undisclosed information is material to his guilt or punishment. *See United States v. Acosta-Gallardo*, 656 F.3d 1109, 1117 (10th Cir. 2011) (to claim a *Brady* violation, the defendant must demonstrate the requested information was material); *United States v. Lee Vang Lor*, 706 F.3d 1252, 1259 (10th Cir. 2013) ("Brady does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant." (internal quotation marks omitted)).

Similarly, to the extent Defendant's request is made pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957) and its Tenth Circuit progeny controlling disclosure related to informants, Defendant has the burden of demonstrating the need for disclosure. *Id.* at 59; *United States v. Martínez*, 979 F.2d 1424, 1426 (10th Cir. 1992).

Since Defendant has not put forward argument or authority showing a need for disclosure beyond that which has already been provided or is granted above, Defendant's Motion is DENIED IN ALL OTHER RESPECTS.

Dated this 27th day of April, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge